## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

GLENDER MAGEE,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

Case No. 11-CV-395-FHM

## OPINION AND ORDER

Plaintiff, Glender Magee, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]   Plaintiff's November 6, 2006, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held October 8, 2008.  By decision dated November 26, 2008, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on October 20, 2010.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S.

197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment

for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d

799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if

supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v.*

*Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 49 on the

date of the ALJ's denial decision.  She has a high school education and formerly worked

at a thrift store hanging clothes on the rack.  She claims to have been unable to work since

November 6, 2006 as a result of left eye blindness from torn retina , depression, and

anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform a

full range of work at all exertional levels with the exception that she does not have good

depth perception or bilateral field of vision and should avoid hazzards.  [R. 13].  The ALJ

found that Plaintiff is capable of performing her past relevant work as a hanger.   In

addition, based on the testimony of a vocational expert the ALJ found that there is other

work in the economy that Plaintiff could perform.  [R. 16].  The case was thus decided at

step four of the five-step evaluative sequence for determining whether Plaintiff is disabled

with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly consider the medical source opinions, made faulty determinations at steps four and five, and made a faulty credibility determination.

**Analysis**

Consideration of Treating Physician's Opinions

Plaintiff was treated for depression by Dr. Bryan Cates at Family and Children's Services.  The record contains a Mental Residual Functional Capacity Questionnaire completed by Dr. Cates on September 4, 2008.  [R. 376-380].  The ALJ summarized the information contained in the questionnaire and stated "[n]o significant weight is given to Dr. Cates' opinion."  [R. 16].  Plaintiff argues that the ALJ improperly rejected Dr. Cates' opinion.  According to Plaintiff, under *McGoffin v. Barnhart*, 288 F.3d 1248 (10th Cir. 2002), the ALJ can only reject the treating physician's opinion if she demonstrates contrary medical evidence.

In *McGoffin*, the ALJ expressed doubt that an assessment signed by the doctor was actually the doctor's assessment.  The Court found that the information in the assessment was unrefuted by evidence to the contrary and was based on the ALJ's unfounded doubt that the doctor agreed with the assessment.  *Id*. at 1252.  The present case is not like *McGoffin.*  In this case the ALJ accurately noted that portions of the questionnaire were contradictory and inconsistent with the limitations expressed in the questionnaire, including

Dr. Cates' remark that Plaintiff should get a job and that it would benefit her depression and anxiety.  [R. 16, 380].[2]

Plaintiff argues for a different interpretation of Dr. Cates' remark that Plaintiff should get a job.  The court finds that the ALJ's interpretation of the questionnaire is supported by substantial evidence.  Portions of the questionnaire were prefaced with the notation that the information was based on the client's reports, including the section where the work-related restrictions were check-marked.  [R. 377, 378, 379].  In addition, Dr. Cates' progress notes, also dated September 4, 2008, contain the following statement:  "I do not have enough hx on this pt currently to recommend disability and would recommend that she go to groups and other psychotherapy options to work on anxiety and depression coping skills, and possibly vocational rehab to help her function better."  [R. 450].

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).  If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so.  *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).  The court finds that the ALJ appropriately analyzed the evidence and gave specific legitimate reasons for rejecting Dr. Cates' opinion.

---

[2] In answer to the questionnaire's instruction to "describe any additional reasons not covered above why your patient would have difficulty working at a regular job on a sustained basis," Dr. Cates answered "She should work at a regular job.  It would benefit her depression and anxiety."  [R. 380].

4

The Court rejects Plaintiff's assertion that the case should be reversed because the ALJ failed to describe how she arrived at the weight she ascribed to the opinions of the state agency reviewers.  As previously discussed, the ALJ stated that she gave no weight to Dr. Cates' opinion because it was inconsistent and because Dr. Cates indicated that Plaintiff should work.  The ALJ stated she gave great weight to the opinions of the state agency consultants because they are supported by the evidence.  There were no other opinions in the record to consider.  Further, it is not clear what else the ALJ could have said about the matter.

<u>Step 4 and 5 Determinations</u>

Plaintiff asserts that the ALJ's determinations at steps 4 and 5 are faulty.  However, the argument section of Plaintiff's brief consists of somewhat disjointed general statements of the law that are not specifically tied to the ALJ's decision.  It appears that Plaintiff is asserting that the ALJ ignored a Global Assessment of Functioning[3] (GAF) score of 50 that appeared in the record and erred in failing to include any mental limitations in the RFC. [Dkt. 15, pp 5-6; Dkt. 19, p. 2].

The ALJ did not ignore the GAF score of 50.  That score was noted in the ALJ's summary of the mental consultative examiner's report.  [R. 15].  The ALJ stated she gave great weight to the state agency medical consultant's opinion regarding Plaintiff's mental impairments.  [R. 16].  The state agency consultant reviewed the record and did not assign any mental work-related limitations to Plaintiff.   [R. 238-250].   Plaintiff has not

_____

[3]  The GAF score represents Axis V of the Multiaxial Assessment system.  *See American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders* 25-30 (4th Ed. 1994).  The axial system of evaluation enables the clinician to comprehensively and systematically evaluate a client. *See id.* at 25.  The GAF rates the client's "psychological, social, and occupational functioning."  *Id.* at 30.

demonstrated that the ALJ's reliance on the state agency consultant was improper.  Social Security regulations instruct that the state agency consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence.  20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. § 416.927(f)(2)(i).

Credibility Determination

Plaintiff argues that the ALJ performed a faulty credibility analysis.  Plaintiff asserts that the ALJ impermissibly relied on boilerplate for her credibility analysis and ignored aspects of the record which support her credibility.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citation, brackets, and internal quotation marks omitted).  In deciding that Plaintiff was not credible, the ALJ noted the remark of Plaintiff's treating physician that Plaintiff reported doing well until the issue of disability came up.  The ALJ stated she was lead to believe that Plaintiff was not very credible when even her treating source questioned her motivation.  [R. 16].

The court finds that although the ALJ's credibility determination could have been more extensive, it is sufficient and is supported by substantial evidence.  Dr. Cates noted that Plaintiff reported doing well until the subject of disability came up.  [R. 380].  The record supports that comment as most entries over time indicate Plaintiff reported she was

6

doing well, had improved sleep, and medication side effects were improved by a change of medication or dosage.  [R. 360-374].

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.   Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 3rd day of August, 2012.

**FRANK H. McCARTHY**
**UNITED STATES MAGISTRATE JUDGE**